## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 18, 1920.

## THE PEOPLE v. GEORGE HALL.

(192 App. Div. 430.)

PENAL LAW, SECTION 494—WHEN PARENT CANNOT BE CONVICTED OF ALLOW-
ING CHILD TO BECOME TRUANT—ADEQUATE HOME INSTRUCTION GIVEN BY
PARENT.

A parent cannot be convicted of a violation of section 494 of the
Penal Law, making it a misdemeanor for a parent or one having custody
of a child, to allow it to become a juvenile delinquent or to be "an
habitual truant from school," where it appears that, although the child
has never attended school, he has been regularly instructed at home by
his mother, an educated woman with practical experience as a teacher,
who has given him a regular course of instruction of which she keeps a
record.

APPEAL by the defendant, George Hall, from a judgment of
the County Court of the county of Kings, entered in the office
of the clerk of the county of Kings on the 25th day of Novem-
ber, 1919, affirming a judgment of the Domestic Relations
Court of the City Magistrates' Court of the City of New York,
Borough of Brooklyn, convicting defendant of a violation of
section 494 of the Penal Law.

*George Gordon Battle* (*Lanman Crosby* with him on the
brief), for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney* (*Harry E.
Lewis, District Attorney,* with him on the brief), for the
respondent.

PER CURIAM:

The appellant was convicted in the Domestic Relations Court
before one of the city magistrates in the borough of Brooklyn,
of violation of section 494 of the Penal Law (as added by Laws
of 1910, chap. 699), which reads:

" § 494. [*Punishment of parents, guardians or other persons for contributing to the delinquency and offenses of children.*] 1. A parent, guardian or other preson having custody of a child actually or apparently under sixteen years of age, who omits to exercise reasonable diligence in the control of such child to prevent such child from becoming guilty of juvenile delinquency as defined by statute, or from becoming adjudged by a children's court in need of the care and protection of the state as defined by statute, or who permits such a child to associate with vicious, immoral or criminal persons, or to grow up in idleness, or to beg or solicit alms, or to wander about the streets of any city, town or village late at night without being in any lawful business or occupation, or to furnish entertainment for gain upon the streets or in any public place, or to be an habitual truant from school, or to habitually wander around any railroad yard or tracks, to enter any house of prostitution or assignation, or any place where gambling is carried on, or any gambling device is operated, or any policy shop, or to enter any place where the morals of such child may be endangered or depraved or may be likely to be impaired, and any such person or any other person who knowingly or wilfully is responsible for, encourages, aids, causes, or connives at, or who knowingly or wilfully does any act or acts to produce, promote or contribute to the conditions which cause such child to be adjudged guilty of juvenile delinquency, or to be in need of the care and protection of the state, or to do any of the acts hereinbefore enumerated, shall be guilty of a misdemeanor."

Upon appeal the judgment of conviction was affirmed in the County Court of Kings county and defendant appeals.

We conclude that the evidence before the magistrate did not warrant the conviction of the defendant. The crime specified in the statute involves actual or threatened juvenile delinquency or truancy on the part of the child. The boy, eleven years of age, was not a truant within the meaning of the statute nor was there any evidence of delinquency present or prospective.

Therefore, there was no evidence of lack of reasonable diligence on the part of the defendant, the father of the child, to prevent such delinquency or truancy. It appears that the boy has never attended school, but has been regularly instructed at home by his mother, an educated woman who had practical experience as a teacher. His instruction is conducted by regular system, of which the mother keeps a record. The hours of study, the course of the teaching and the regulation of holidays and vacations appear to be in accordance with those in the authorized schools for children of his age. Upon the whole case we think the judgment of conviction is erroneous, which conclusion is shared by the learned district attorney.

The judgment of the County Court of Kings county affirming judgment of conviction of the City Magistrates' Court (Domestic Relations Court), borough of Brooklyn, city of New York, should be reversed, and defendant discharged.

JENKS, P. J., MILLS, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Judgment of the County Court of Kings county affirming judgment of conviction of the City Magistrates' Court reversed, and defendant discharged.